CARIKER & WINTZ v. W. J. VAWTERS & SON.

(Court of Civil Appeals of Texas. Jan. 31, 1911. Rehearing Denied Feb. 23, 1911.)

1. NOVATION (§ 5*) — SUBSTITUTION OF NEW DEBTOR.

Where a third person, for a consideration moving to him, agreed with a creditor to assume the account of the debtor and to pay it, and the creditor discharged the debtor, the third person is responsible for the account.

[Ed. Note.—For other cases, see Novation, Cent. Dig. § 5; Dec. Dig. § 5.*]

2. NOVATION (§ 10*)—SUBSTITUTION OF NEW DEBTOR—OPERATION AND EFFECT.

Where a third person who had become responsible to a creditor for the account of a debtor sold .goods to the creditor, the latter could apply the amount thereof as a credit on the account of the debtor, and was entitled to a judgment against the third person for any excess.

[Ed. Note.—For other cases, see Novation, Dec. Dig. § 10.*]

3. TRIAL (§ 203*)—ISSUES—INSTRUCTIONS.

Where the issues raised by the pleadings and evidence were not sufficiently submitted in the general charge, the refusal to give a special charge submitting the issues was erroneous.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 477–479; Dec. Dig. § 203.*]

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Action by W. J. Vawters & Son against Cariker & Wintz and another. From a judgment for plaintiffs, defendants named appeal. Reversed and remanded.

King & King, for appellants. Blount & Strong, for appellees.

McMEANS, J. The statement of the case made by appellants in their brief is substantially correct, and is adopted. On January 12, 1910, appellee filed this suit in the county court of Nacogdoches county, alleging that in the month of December, 1908, the plaintiff sold to defendants, Cariker & Wintz, certain lumber, amounting to the sum of $450.41. To the petition is attached a bill of particulars marked Exhibit A, and made a part thereof. It is charged in the petition that the lumber had never been paid for, and that the defendant Wintz had sold to the defendant Daniels, who had bound himself to pay one-half of the indebtedness of Cariker & Wintz, and he was made a party defendant to the suit. It is charged that the amount had never been paid, and judgment was asked against all of the defendants for the amount alleged to be due, with 6 per cent. interest from maturity of the various items of the account. On January 18, 1910, ap-

pellants answered by general demurrer and general denial, and specially answered that they never purchased the lumber mentioned in Exhibit A, and agreed to pay for the same in money; but replied that about the 1st day of October, 1908, one Geo. S. Huston was engaged in the operation of a sawmill near the town of Cushing, and was indebted to the defendants in the sum of $531.42, for money and supplies furnished for the operation of the said mill, under a contract, by the terms of which appellants were to receive lumber from the mill in payment of their debt, and that said Huston was also indebted to appellee in the sum of $400 upon an old account; that about the time mentioned said Huston became involved to the extent that he could not meet his immediate and pressing indebtedness, and had closed down the mill, having on hand at the time 350,000 feet of merchantable pine lumber of the reasonable market value of $2,500, which appellants were buying, and were preparing to take over on the millyard in payment of their indebtedness and certain indebtedness due by said Huston to his mill hands, when appellee Vawters & Son agreed that if they would forbear from taking over the stock and release their right to purchase the same, under their agreement with Huston, and allow them to purchase the lumber in order to collect and protect their indebtedness against said Huston, that they would purchase the lumber, and would assume the indebtedness of Huston to appellants, and obligate themselves to take up and pay off their account, to which appellants agreed, and appellee purchased the lumber, and appellants discharged Huston from the account due by him to them, credited him upon their books with the assumption of the account by appellee, and charged the Huston account to appellee; that appellee took charge of the lumber, under the agreement, and began to dispose of the same, delivering to appellants the lumber mentioned in Exhibit A, which they, in obedience to the agreement made, applied as a credit upon the $531.42 assumed by appellee.

Appellants pleaded in the alternative that, if it should be ascertained that they were without right to credit the Huston account, assumed by appellee, with the purchase price of the lumber, appellee had originally undertaken to pay the Huston account of $531.42 to them, and that Huston had been discharged from further liability thereupon, because of which appellee was indebted to appellants in the sum of the Huston account, which they pleaded as an offset and counterclaim against the amount claimed to be due for the lumber, and prayed judgment that the same be set off against appellee's demand, and that they have judgment over against appellee for the excess of $71.54.

By supplemental petition, appellee replied

by general and special exception and by general denial. They specially denied that they had undertaken to pay the Huston account due appellants, and that they took the lumber over from said Huston with the understanding that they would first pay themselves the amount Huston was due them, then the laborers, and the balance, if any, they prorate among the creditors of said Huston, including the account due by him to appellants, and that there was not sufficient lumber, when the same had been disposed of, to pay themselves and the laborers, and therefore they were due appellants nothing.

Upon this state of the pleadings, the case went to trial before a jury, and a verdict was rendered in favor of appellee for $422.-40, and in favor of the plaintiffs against the defendants on the plea in offset, and judgment rendered accordingly. From this judgment the defendants, after their motion for a new trial had been overruled, have appealed.

Appellants by their sixth assignment of error complain of the action of the court in refusing to give to the jury the following special charge requested by them: "You are instructed, in connection with the main charge of the court, and as a part of the law of this case, that the defendants in answer to plaintiffs' suit allege that the plaintiffs, for a valuable consideration moving to them, assumed and obligated themselves to become responsible for and to pay off the account due to defendants by Huston & Wallace, in the sum of $531.42, and that Huston & Wallace were thereupon discharged from the payment of said account, and that the same was charged to, and became due to, them, by the plaintiffs W. J. Vawter & Son. Now, if you believe from a preponderance of the evidence that Huston & Wallace, about the time plaintiffs took over the lumber and logs from them, was indebted to the defendants in the sum of $531.42, or in any sum less than said amount, and that plaintiffs, for a consideration then moving to them, agreed with the defendants to assume and pay off said account of Huston & Wallace, and by agreement obligated themselves to become responsible for and pay off said account, and that the defendants thereupon released and discharged said Huston & Wallace from further obligation to pay said account, then the plaintiffs would become responsible to the defendants for the account of Huston & Wallace, not exceeding the sum of $531.42, and in such case the defendants had the right to apply the proceeds of the lumber received by them from plaintiffs as a credit upon said account of Huston & Wallace, and if you find the facts to be, you will return a verdict against the plaintiffs and in favor of the defendants, and if the account of Huston & Wallace due to the defendants, as assumed by the plaintiffs, if they did assume it, is in excess of the proceeds derived from the sale of said lumber by plaintiffs to defendants, and if you find and believe, by a preponderance of the evidence, that said account was in excess of the proceeds of the sale of said lumber, then you will return a verdict in favor of the defendants against the plaintiffs for such excess, not exceeding the sum of $71.54, this being the amount alleged in the answer of the defendant to be due them by the plaintiffs, and this notwithstanding you may find and believe that the plaintiffs thereafter returned a portion of the lumber so taken over by them from said Huston & Wallace to the said Huston & Wallace, or either of them."

The pleadings and evidence raised the issue submitted in the special charge, and those issues were not sufficiently submitted in the court's general charge. It follows that the special charge should have been given, and that the court erred in refusing to give it.

We have examined all the other assignments of error presented in appellants' brief and find no reversible errors in any of them.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.